IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MARCUS L. WILLIS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:24-cv-2344-E-BN |
| | § | |
| DIVERSIFIED SOURCING SOLUTIONS, | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
<u>UNITED STATES MAGISTRATE JUDGE</u>**

Plaintiff Marcus L. Willis filed a *pro se* complaint against Defendant Diversified Sourcing Solutions ("DSS"), described as "a staffing agency that provides temporary and permanent employee placements," alleging that DSS violated 42 U.S.C. § 1981 and Title VII of the Civil Rights Act of 1964, in part, because Willis was not offered a permanent position with Western Power Sports ("Western"). Dkt. No. 3 (DSS "has maintained a business relationship with [Western] for years, providing them with temporary workers under a verbal agreement that outlines conditions for employees to transition to permanent roles after completing a required number of hours…. [Willis] was employed by [DSS] and placed at [Western] in a temporary position" and was "eligible for permanent employment after completing 700 hours of service. The agreement has been routinely applied to other employees in similar positions.").

Willis also moved for leave to proceed *in forma pauperis* ("IFP"). *See* Dkt. No. 4. So United States District Judge Ada Brown referred this lawsuit to the

undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference.

The Court will grant Willis's IFP motion through a separate order, subjecting the complaint to screening under 28 U.S.C. § 1915(e)(2). And the undersigned enters these findings of fact, conclusions of law, and recommendation that, for the reasons set out below, the Court should dismiss the complaint with prejudice.

## Discussion

This is Willis's second *pro se* lawsuit advancing Section 1981 and Title VII claims based on his employment with DSS and at Western.

In the first – also before Judge Brown and also referred to the undersigned for pretrial management – the Court found, for the purpose of ruling on Western's motion to dismiss, that, although Willis was a temporary employee provided by a staffing agency, "the allegations of the complaint (including the documents Willis attaches to it) reflect that Western exercised a level of control over Willis that allows the Court to infer an employment relationship sufficient to survive a motion to dismiss." *Willis v. Western Power Sports, Inc.*, No. 3:22-cv-1251-E-BN, 2023 WL 3872208, at *5 (N.D. Tex. May 17, 2023), *rec. accepted*, 2023 WL 3871711 (N.D. Tex. June 7, 2023).

But the Court still granted the motion to dismiss to the extent that Willis failed to plausibly allege claims under Texas law and of racial discrimination, a hostile work environment, and retaliation in violation of federal law. *See generally id.* (also dismissing the complaint under Federal Rules of Civil Procedure 12(b)(4) and 12(b)(5) for deficiencies as to the service of the summons and the complaint).

The United States Court of Appeals for the Fifth Circuit then affirmed "[t]he dismissal of Willis's complaint – essentially for the reasons the magistrate judge explained in its Findings, Conclusions, and Recommendation issued May 17, 2023." *Willis v. Western Power Sports, Inc.*, No. 23-10687, 2024 WL 448354 (5th Cir. Feb. 6, 2024) (per curiam).

And the malicious prong of the IFP statute, 28 U.S.C. § 1915(e)(2)(B)(i), empowers the Court to dismiss this successive lawsuit, through which Willis attempts a second "bite at the litigation apple," *Pittman v. Moore*, 980 F.2d 994, 995 (5th Cir. 1993) ("When declaring that a successive in forma pauperis suit is 'malicious' the court should insure that the plaintiff obtains one bite at the litigation apple – but not more.").

An IFP "action is subject to dismissal as malicious if it repeats virtually identical claims based on a common series of occurrences." *McGee v. Acevedo*, 849 F. App'x 133, 134 (5th Cir. 2021) (per curiam) (citing *Bailey v. Johnson*, 846 F.2d 1019, 1021 (5th Cir. 1988); *Wilson v. Lynaugh*, 878 F.2d 846, 850 (5th Cir. 1989)); *see also Brown v. Tex. Bd. of Nursing*, 554 F. App'x 268, 269 (5th Cir. 2014) (per curiam) ("An action is malicious if it 'involve[s] a duplicative action arising from the same series of events and alleging many of the same facts as an earlier suit.'" (quoting *Bailey*, 846 F.2d at 1021)); *Shakouri v. Davis*, 923 F.3d 407, 410 (5th Cir. 2019) ("We have repeatedly stated that a claim qualifies as malicious if it is virtually identical to and based on the same series of events as a claim previously brought by the plaintiff." (citing *Bailey*, 846 F.2d at 1021)).

And "the Court may dismiss an action as malicious when the complaint raises claims that would be barred by the principles of *res judicata*, whether or not the prior litigation has ended unsuccessfully for the plaintiff," *McGill v. Juanita Kraft Postal Serv.*, No. 3:03-cv-1113-K, 2003 WL 21355439, at *1 (N.D. Tex. June 6, 2003), *rec. accepted*, 2003 WL 21467745 (N.D. Tex. June 18, 2003); *see also Dotson v. Atl. Specialty Ins. Co.*, 24 F.4th 999, 1002 (5th Cir. 2022) ("The rule of res judicata encompasses two separate but linked preclusive doctrines: (1) true res judicata or claim preclusion and (2) collateral estoppel or issue preclusion." (cleaned up)).

As *McGill* demonstrates, because "the court's power of dismissal in IFP cases under [Section 1915(e)(2)] is broader than in other civil cases under the Federal Rules of Civil Procedure," *Bailey*, 846 F.2d at 1021 (citation omitted), litigation may still be dismissed as malicious under Section 1915(e)(2)(B)(i) where not all the conditions are met for a dismissal under one of the two preclusive doctrines, *compare, e.g.*, *Pittman*, 980 F.2d at 995 ("[I]t is 'malicious' for a pauper to file a lawsuit that duplicates allegations of another pending federal lawsuit by the same plaintiff."); *Bailey*, 846 F.2d at 1021 ("In this case, Bailey's complaint repeats the same factual allegations that he asserted in his earlier case, although he successively sued different defendants…. We perceive no abuse of the district court's discretion in dismissing this case as duplicative of Bailey's prior litigation."), *with Chalmers v. City of Dall.*, No. 3:14-cv-36-N, 2014 WL 7174289, at *6 (N.D. Tex. Dec. 16, 2014) ("In the Fifth Circuit, res judicata is appropriate if four conditions are met: (1) the parties in the subsequent action are identical to, or in privity with, the parties in the prior action;

(2) the judgment in the prior case was rendered by a court of competent jurisdiction; (3) there has been a final judgment on the merits; and (4) the same claim or cause of action is involved in both suits." (citations omitted)).

Willis's two lawsuits are not a close question. Both involve virtually identical – if not some identical claims – based the same series of occurrences: Willis's employment while placed at Western by DSS. And, as set out above, these claims have been litigated once, including before the Fifth Circuit.

The Court should therefore dismiss this lawsuit with prejudice.

## Recommendation

The Court should dismiss this case with prejudice as malicious under 28 U.S.C. § 1915(e)(2)(B)(i).

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or

adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

    DATED: September 26, 2024

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE